UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID JERMAINE AARON | ) | CASE NO. 5:09CV63 |
| Plaintiff, | )<br>) | JUDGE JOHN R. ADAMS |
| vs. | )<br>) | |
| ASPLUNDAH EXPERT TREE CO., | ) | **MEMORANDUM OF OPINION** |
| Defendant. | )<br>)<br>)<br>) | **AND ORDER** |

On January 12, 2009, pro se Plaintiff David Jermaine Aaron filed this complaint against a company he named as Asplundah Expert Tree Co. Plaintiff previously filed a nearly identical action on December 3, 2008. See Case No. 5:08CV2839. This Court dismissed the original complaint due to lack of subject matter jurisdiction. The instant complaint suffers from the same flaw as the original.

The complaint does not allege a specific cause of action. However, a review of the facts alleged appears to state a cause of action for negligence. Plaintiff alleges that an individual driving a truck marked with the name of the Defendant sped past him on a street in Cuyahoga Falls, Ohio. Plaintiff asserts that as a result of this conduct, debris was thrown into the air. Plaintiff then alleges that he was damaged by ingesting that debris. For the reasons stated below, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490

U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  Furthermore, a complaint may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) and is dismissing the claim for one of the reasons set forth in the statute.  *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

"The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case[.]"  *Douglas v. E.G. Baldwin & Associates*, 150 F.3d 604, 606-07 (6th Cir. 1998) (overruled on other grounds).  Article III, Section 1 of the United States Constitution prescribes that "the judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."  Pursuant to 28 U.S.C. § 1332 Congress extended the federal judicial authority granted pursuant to 28 U.S.C. § 1331 to civil actions involving citizens of different states.  Section 1332 has been interpreted to require complete diversity, i.e., that no party share citizenship with any opposing party.  *See Safeco Ins. Co. of Am. v. White House*, 36 F.3d 540, 545 (6th Cir. 1994).

The Court takes no opinion on whether Plaintiff may have stated an otherwise valid claim for relief in his complaint.  Instead, accepting the facts as alleged as true, it is clear on the face of the complaint that there is not complete diversity of citizenship of the parties, and that no federal question is implicated by Plaintiff's claim.  This action must therefore be dismissed for lack of jurisdiction.  *See Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000).

In his complaint, Plaintiff alleges that he is a citizen of Akron, Ohio.  Additionally, he alleges that Defendant is located in Hartville, Ohio.  As such, the facts of the complaint accepted

as true establish that diversity does not exist.  Furthermore, as noted above, there is no federal question presented by the alleged facts.

In the hopes of avoiding yet a third filing by Plaintiff, the Court notes that this complaint asserts that the Plaintiff is petitioning "to Hartville, Ohio Court[.]"  Doc. 1 at 1.  There is no such court.  Furthermore, due to the lack of diversity of citizenship and federal question, no federal court will ever have jurisdiction over Plaintiff's claims.

Accordingly, Plaintiff David Jermaine Aaron's request to proceed in forma pauperis is granted and this action is DISMISSED WITHOUT PREJUDICE under section 1915(e).  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date:   January 20, 2009                           /s/ John R. Adams
                                                   Judge John R. Adams
                                                   UNITED STATES DISTRICT COURT